UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ULIOUS BROOKS,                                  :        CASE NO. 1:14-CV-01286
                                                :
          Petitioner,                           :
                                                :
vs.                                             :        OPINION & ORDER
                                                :        [Resolving Doc. No. 6 ]
DONALD MORGAN, WARDEN,                          :
                                                :
          Respondent.                           :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Ulious Brooks filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  He is currently incarcerated in the Southern Ohio Correctional Facility, having been convicted in 2002 in Cuyahoga County Court of Common Pleas Case No. CR-02-425169 of one count of trafficking in drugs.  He was sentenced to a term of incarceration of one year. Petitioner is also serving a thirteen year sentence for voluntary manslaughter with a firearm specification, and having a weapon under disability in connection with Cuyahoga County Court of Common Pleas Case No. CR-03-435228.  His sentences were ordered to be served consecutively.

In this Petition, Brooks challenges his 2002 conviction for trafficking in drugs.  He asserts three grounds for relief: (1) the trial court failed to provide him with a fair and meaningful sentencing hearing and his rights under Ohio Criminal Rule 32(A) and failed to provide him with proper notice of the hearing; (2) the sentence imposed by the trial court for trafficking in drugs did not comport with Ohio Revised Code § 2929.14(B) regarding minimum sentences; and (3) his sentence is void because the trial court resentenced him on this conviction

when this conviction was not the subject of the appeal in which resentencing was ordered. He asks this Court to vacate his conviction for drug trafficking, or in the alternative vacate his sentence. For the reasons set forth below, the Petition is denied and the action is dismissed.

## I. Background

Brooks was arrested on June 3, 2002 and charged with one count of drug trafficking. He pled guilty to the charge on October 22, 2002 and was sentenced to one year of community control on November 26, 2002.

Brooks was arrested on March 16, 2003 and charged with charged one count of murder with a three-year firearm specification, and one count of having a weapon while under disability. A jury found him guilty of a lesser included offense of voluntary manslaughter with the firearm specification and having a weapon under disability. He was sentenced on September 10, 2003 to thirteen years incarceration. At the same time, he was found to be in violation of his community control sanction. He was sentenced to a term of incarceration of six months to be served consecutively to the thirteen year sentence he received for manslaughter and having a weapon under disability.

Brooks appealed his manslaughter conviction but did not appeal his conviction or sentence for drug trafficking. The Ohio Eighth District Court of Appeals affirmed his conviction. He appealed that decision to the Supreme Court of Ohio. The Supreme Court vacated his sentence and remanded his case to the trial court with instructions to resentence him in accordance with the Court's decision in *State v. Foster*. *In re Ohio Criminal Sentencing Statute Cases*, 109 Ohio St.3d 313, 318 (Ohio 2006) (remanding for re-sentencing in light of *State v. Foster*).

Although the remand had been ordered in only one of his criminal cases, the trial court resentenced Brooks in both of his criminal cases on June 19, 2006. He was sentenced to thirteen years in Case No. CR-03-435228 for voluntary manslaughter and having a weapon under disability, and to one year in Case No. CR-02-425169 for drug trafficking. His sentences were ordered to be served consecutively. Brooks did not immediately appeal his resentencing in his drug trafficking case.

In fact, Brooks waited seven years to file an appeal of that decision. On September 4, 2013, he filed a Motion for Delayed Appeal in the Ohio Eighth District Court of Appeals. The Court of Appeals denied the Motion *sua sponte* and dismissed the appeal on September 19, 2013. He then waited another five months and filed a Motion for Delayed Appeal in the Supreme Court of Ohio, but on April 23, 2014, that Motion was also denied.

Brooks has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 to contest his drug trafficking conviction and sentence. He asserts three grounds for relief. First, he claims the trial court denied him a meaningful sentencing hearing with adequate notice. He explains that the Supreme Court of Ohio remanded his manslaughter case but the trial court chose to resentence him in his drug trafficking case as well and gave him a higher sentence than the six months to which he was originally sentenced. Second, he contends his new sentence was the maximum sentence he could receive for that offense. He claims it was his first conviction, and Ohio Revised Code § 2929.14(B) makes it mandatory for him to receive the minimum sentence under the law. Finally, he claims his new sentence is void because that sentence was not the subject of the appeal.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the

state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural

requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## IV.  Analysis

The state courts did not consider the merits of Brook's habeas claims.  He did not immediately appeal his resentencing.  He filed a Motion for Delayed Appeal in the Ohio Court of Appeals and in the Supreme Court of Ohio.  Both Motions were denied.

A claim may be procedurally defaulted if a petitioner fails "to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (quoting *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000)).  If a state has a procedural rule that prevented the state courts from hearing the merits of a habeas petitioner's claim, that claim is procedurally defaulted when: (1) the

petitioner failed to comply with the rule; (2) the state actually enforced the rule against the petitioner; and (3) the rule is an "adequate and independent" state ground foreclosing review of a federal constitutional claim. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011).

The State of Ohio has two procedural rules with which Brooks did not comply. First, Ohio Appellate Rule 4(A) requires the notice of appeal to be filed within thirty days of the entry of the judgment or order appealed. Brooks did not file his appeal within this time, and instead waited seven years to file his notice of appeal. Ohio Appellate Courts have discretion under Ohio Appellate Rule 5(A) to permit a delayed appeal; however, they are not required to do so. The denial of a Motion for Leave to File a Delayed Appeal under Rule 5(A) is an adequate and independent state ground precluding habeas consideration of the claims. *Stone v. Moore*, 644 F.3d 342, 347-49 (6th Cir. 2011). Because the state actually enforced this procedural rule against Brooks and that rule presents an adequate and independent state ground for foreclosing federal habeas review, the grounds for relief asserted in this Petition have been procedurally defaulted.

In addition, the Supreme Court of Ohio has a rule limiting the time to file an appeal to 45 days from the entry of the state appellate court's decision. *See* Ohio S.Ct Prac.R. II § 2(A)(1). The Supreme Court of Ohio may in its discretion take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio S.Ct.Prac.R. II § 2(A)(4)(a). In those instances where the Supreme Court of Ohio chooses not to allow the delayed appeal, the unexplained state court decision denying leave to file an untimely appeal to the Ohio Supreme Court is presumed to enforce any applicable procedural bar. *See Bonilla v.*

*Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Smith v. State of Ohio Dept. of Rehab. and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006). Denial of an Ohio S.Ct. Prac. R. II § 2(A) (4)(a) motion for leave to file delayed appeal is an "adequate and independent" basis for procedural default consistent with *Maupin*, which can foreclose federal habeas review. *See Bonilla*, 370 F.3d at 497; *Smith*, 463 F.3d at 431-32. The second rule was also enforced against Brooks, providing another basis for procedural default of his habeas claims.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). 'Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial

-9-

disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Brooks offers no explanation for the substantial delay in filing his appeals. He does not suggest any factor external to the defense precluded him from raising these claims in a timely manner. He therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Brooks pled guilty to the charge of drug trafficking. He does not suggest that a fundamental miscarriage of justice occurred as a result of this procedural default.

## V. Conclusion

Accordingly, Brooks's Application to Proceed *In Forma Pauperis* (Doc. No. 8) is granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 6) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a

certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


Dated: November 14, 2014         *s/     James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE